CLAIMANT ID 100110725, Requesting Party-Appellant,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP America Production Company; BP, P.L.C., Objecting Parties-Appellees.

No. 16-30947

United States Court of Appeals, Fifth Circuit.

Filed May 3, 2017

Wesley J. Farrell, Esq., Pimal Patel, Farrell & Patel, Coral Gables, FL, for Requesting Party-Appellant

Jeffrey Bossert Clark, Sr., Esq., Kirkland & Ellis, L.L.P., Washington, DC, Don Keller Haycraft, Liskow & Lewis, P.L.C., New Orleans, LA, James Andrew Langan, Esq., Elizabeth A. Larsen, Martin R. Martos, II, Kirkland & Ellis, L.L.P., Chicago, IL, for Objecting Party-Appellees

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM: *

The appellant is a hotel that filed Business Economic Loss claims under the Deepwater Horizon Economic and Property Damages Settlement Agreement. The hotel challenges the district court's denial of discretionary review of an Appeal Panel decision denying its initial claim. Because the district court did not abuse its discretion in declining to review the claim, we AFFIRM.

## I.

This case arises from the BP Settlement Agreement involving the *Deepwater Horizon* oil spill. LHS Pensacola #4 Inc. ("the Hotel") operates a line of budget hotels that were allegedly harmed by the oil spill, but which are far enough away from the spill to require a causation showing to recover from BP under the Agreement. This appeal specifically involves the Howard Johnson Hotel, in Pensacola, Florida.[1] In order to recover on its claim for damages, the Hotel must meet the Settlement Agreement's "declining-revenue-only test," which requires showing a decline in revenue for a specific time period and of a particular amount, and, as relevant here, providing "[s]pecific documentation identifying factors outside the control of the claimant that prevented the recovery of revenues in 2011, such as: [t]he entry of a competitor in 2011."

The Hotel submitted its claim against BP in 2012. On the claim form, the Hotel marked "no" when asked whether "specific market changes outside [its] control" prevented it from regaining its pre-spill reve-

nue. The CSSP denied this claim for failure to provide supporting documentation for the declining revenue. The Hotel submitted a request for a re-review; after re-review, the CSSP affirmed its denial of the claim because of insufficient documentation. The Hotel requested re-consideration of the denial, and the CSSP again affirmed denial of the claim for the same reason.

The Hotel then appealed the denial to a CSSP Appeal Panel. It argued that it had initially marked "no" about whether "specific market changes outside [its] control" prevented it from regaining its pre-spill revenue because it believed this was a question about an additional factor causing revenue to stay low, and it believed it had already passed one of the tests for compensation. The Hotel also submitted a report on hotels in the Florida panhandle that it alleged provided "independent verification of a new competitor." The report shows that two hotels opened in the Pensacola region in 2011 and that various hotels were sold in 2011, but it does not identify the two hotels that opened and does not describe what happened to the three hotels that were sold.

The Appeal Panel requested additional information, which the Appeals Coordinator (an administrative employee separate from the Appeal Panel) provided in a Summary of Review to the Panel on April 5, 2016. The Summary of Review answered one of the Panelist's questions and provided an overview of the earlier proceedings in the case. *Id.* The Appeals Coordinator informed counsel it could respond to the Summary of Review (but only to correct

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The CEO of LHS simultaneously submitted a Business Economic Loss (BEL) claim on

behalf of LHS and six other corporations that owned and operated hotels around Pensacola and the Gulf Coast. Only the claim for the Howard Johnson Hotel is at issue here, so "the Hotel" refers to LHS as the claimant for the Howard Johnson Hotel in Pensacola.

factual problems, not to offer argument), and that the deadline for a response was April 15. The Appeal Panel issued its decision affirming the denial of the claim two days later, on April 7. The Hotel then submitted a request for discretionary review to the district court, which declined to exercise its discretion to review the claim. The Hotel now appeals the district court's decision declining to review the denial of the claim.

## II.

We review the district court's denial of discretionary review for abuse of discretion.[2] *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016). We generally assess whether the district court abused its discretion by looking to "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* However, we have been careful to note that it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement." *Id.* at 316; *see also In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015) ("We do not intend any part of this opinion to turn the district court's discretionary review into a mandatory review. To do so

would frustrate the clear purpose of the Settlement Agreement to curtail litigation."). It is not an abuse of discretion to deny a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case." *In re Deepwater Horizon (Sexton)*, 641 Fed.Appx. 405, 410 (5th Cir. 2016). On the other hand, it may be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split if "the resolution of the question will substantially impact the administration of the Agreement." *In re Deepwater Horizon (Smith)*, 632 Fed. Appx. 199, 203–04 (5th Cir. 2015).

## III.

The Hotel offers two main reasons that the district court should have reviewed its claim: (1) the Appeal Panel violated the terms of the Agreement by deciding the case based solely on the Summary of Review; and (2) the Appeal Panel erred by denying the Hotel's claim.[3] We conclude that these arguments lack merit.[4]

## A.

█ First, the Hotel argues that the Appeal Panel violated Rule 21 of the Rules Governing the Appeals Process by basing

---

2. The Hotel argues for *de novo* review, asserting that each issue turns on contract interpretation. However, we dispose of each issue without resolving any disputed contract interpretation.

3. Instead of arguing in the abuse of discretion paradigm, the Hotel argues its claims on the merits. We only have jurisdiction over the district court's final decision, *see* 28 U.S.C. § 1291, and are unable to review the substantive determination of the Appeal Panel. *See Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 170 (5th Cir. 2017).

4. The Hotel also argues that the Panel violated its due process rights and Rule 13(f) of the Rules Governing the Appeals Process by issuing its decision only two days after the Appeals Coordinator told the Hotel it had ten days to respond to the Summary of Review. Assuming *arguendo* that this was a procedural error, it was harmless in light of the Hotel's failure to provide the documentation required by the decline-only test. *See* Part III.B, *infra*.

its review only on the Summary of Review, rather than on the entire appellate record.[5] However, the Hotel does not offer any facts outside the Summary of Review that allegedly were not considered. Nor does it offer any evidence that the Appeal Panel relied only on the Summary of Review. In fact, the only evidence on the issue is BP's observation that the Appeal Panelist asked questions prior to the preparation of the Summary of Review, which suggests that information outside the Summary of Review may have been considered. Because the Hotel has failed to show that the Appeal Panel violated Rule 21 by relying only on the Summary of Review, it has not shown that the Appeal Panel's claim determination "actually contradicted or misapplied the Settlement Agreement." *Holmes Motors*, 829 F.3d at 315. Accordingly, the district court did not abuse its discretion by declining to review the claim.

### B.

 Second, the Hotel argues that the Appeal Panel erred by determining that it had not provided "[s]pecific documentation identifying factors outside [its] control ... that prevented the recovery of revenues in 2011," such as "entry of a competitor in 2011." According to the Hotel, the Panel deviated from the terms of the Settlement Agreement by interpreting this as a requirement to provide definitive proof that a competitor entered the immediate vicinity of the claimant in 2011 or that competitors developed new hotels and rooms in 2011. However, the Panel's decision does not articulate such a requirement. Instead, it finds that the report on which the Hotel relied was insufficient evidence of new competition because it showed that new hotel development in the area declined in

2011 and did not show that any new hotels or hotels that changed ownership began competing for the Hotel's target clientele in 2011. Thus, the Hotel's argument ultimately turns on "the correctness of a discretionary administrative decision in the facts of a single claimant's case," *Sexton*, 641 Fed.Appx. at 410, and does not show that the Panel's determination "actually contradicted or misapplied the Settlement Agreement," *Holmes Motors*, 829 F.3d at 315. Therefore, the district court did not abuse its discretion in declining to review the Panel's determination.

### IV.

Because the district court's denial of discretionary review does not constitute an abuse of discretion, we AFFIRM.

---

**5.** Rule 21 reads in relevant part: "The Standard of Review by the ... Appeal Panel shall be a de novo review of the complete record of

that Claimant in the Settlement Program to enforce compliance with the Settlement Agreement as approved by the Court."