# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2017

Lyle W. Cayce
Clerk

CLAIMANT ID 100051301,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-13931

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

In this appeal, we address a claim stemming from the Deepwater Horizon Economic and Property Damages Settlement Agreement (Settlement Agreement) between Appellees BP Exploration & Production, Inc., BP America Production Co., and BP, P.L.C. (collectively, BP) and the settlement class.  The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claimant in this case, Appellant Laxmi Southaven Enterprises, Inc. (Laxmi), appeals from the district court's denial of discretionary review.

Laxmi operates a motel in Southaven, Mississippi. In February 2013, Laxmi submitted a Business Economic Loss (BEL) claim to the Court Supervised Settlement Program (CSSP). The Settlement Agreement uses geographic zones to sort BEL claimants depending on their locations. Laxmi's location places it in Zone D, which requires a BEL claimant to establish causation in order to recover on a claim. To establish causation, Laxmi was required to satisfy one of the six tests included in Exhibit 4B to the Settlement Agreement. Notably, most of the causation tests potentially applicable to Laxmi's claim required certain changes in a claimant's revenue following the oil spill.

In January 2016, the Claims Administrator determined that Laxmi was eligible to receive more than $500,000 in compensation. At the center of this appeal is an accounting entry for $34,823.61. Specifically, for December 2010 (which is post-oil spill), Laxmi had a revenue variance of $34,823.61 between its profit and loss statement and its tax return. Laxmi explained that the difference was due to a year-end adjustment to decrease annual revenue by $34,823.61 for revenue that was not paid and written off. The Claims Administrator treated the $34,823.61 as a contra revenue adjustment (*i.e.*, decreasing Laxmi's revenue) rather than as a bad debt expense (*i.e.*, increasing Laxmi's expenses and leaving revenue unchanged). This decision was important because whether the revenue-based causation tests in the Settlement Agreement were met depended, in part, on how much Laxmi's revenue decreased following the oil spill.

BP appealed the Claims Administrator's determination to the CSSP's Appeal Panel, arguing that the Claims Administrator made two errors. First, BP argued that the Claims Administrator improperly classified the $34,823.61

as a contra revenue adjustment rather than a bad debt expense. According to BP, if the Claims Administrator had properly classified the $34,823.61 as a bad debt expense, Laxmi would have failed to establish causation because its post-oil spill revenue would have been too high. Second, BP contended that Laxmi inconsistently classified its expenses related to supplies, which resulted in an overstated compensation award. In response, Laxmi argued that, because it is a cash-basis taxpayer, the $34,823.61 was properly classified as a contra revenue adjustment rather than a bad debt expense. Laxmi also argued that its supplies were properly sorted between fixed and variable expenses.

Prior to issuing its ruling, the Appeal Panel requested a summary of review from the Claims Administrator. Under Rule 13(f) of the Rules Governing the Appeals Process, a "Summary of Review is intended to provide the Appeal Panel with an understanding of what occurred in the underlying processing of the claim, including the basis for the determination(s) made by the Claims Administrator." Rule 13(f) further provides, *inter alia*, that the "Appeal Panel may grant the Claimant, Class Counsel and BP the right to file a response to the Claims Administrator's Summary of Review, but such response shall be limited to a correction of facts recited in the Summary of Review and shall not include any argument."[1] In this case, the Appeal Panel

---

[1] In full, Rule 13(f) provides the following:

The record on appeal shall consist of: . . . (f) The Claims Administrator's Summary of Review, as requested by the Appeal Panel. The Summary of Review is intended to provide the Appeal Panel with an understanding of what occurred in the underlying processing of the claim, including the basis for the determination(s) made by the Claims Administrator. It shall include reference to and a factual explanation of any formal policies or procedures adopted by the Claims Administrator that are applicable to the issue(s) raised by the appeal, referring the Appeal Panelist to the formal policies that are part of the Record of Appeal, as described in Rule 13 (c). The Summary of Review is not to be a document that advocates one position or the other but rather is to be a narrative that simply explains how the Claims Administrator processed the claim. The Summary of Review is for informational purposes only and is to be made available to the Appeal Panel, the Claimant, Class Counsel and BP. The

asked the Claims Administrator why it had treated the $34,823.61 as a contra revenue adjustment rather than a bad debt expense. In the summary of review, the Claims Administer explained that the CSSP accountant had "inadvertently classified [Laxmi's] December 2010 revenue adjustment as a Contra Revenue account rather than Bad Debt Expense. If the 2010 contra revenue was treated as Bad Debt Expense, the claimant does not pass causation under Exhibit 4B of the Settlement Agreement."

In June 2016, the Appeal Panel held that Laxmi was not entitled to compensation under the Settlement Agreement. The Appeal Panel explained that, after a summary of review was requested, the Claims Administrator had "conceded that the . . . accountant inadvertently classified [Laxmi's] December 2010 revenue adjustment as a contra revenue account rather than a bad debt expense," and once this mistake is corrected, Laxmi "would not pass causation." The Appeal Panel then found that, "[a]fter a full consideration of the record," "the December 2010 revenue adjustment should have [been] considered a bad debt expense." Thus, the Appeal Panel held that Laxmi failed to establish causation and could not recover.[2]

Following the Appeal Panel's decision, Laxmi requested discretionary review from the district court. In its brief, Laxmi urged the district court to grant discretionary review because the Appeal Panel had relied on the Claims Administrator's flawed summary of review. Laxmi claimed that the Appeal Panel (based on the summary of review) had improperly concluded that Laxmi

---

Appeal Panel may grant the Claimant, Class Counsel and BP the right to file a response to the Claims Administrator's Summary of Review, but such response shall be limited to a correction of facts recited in the Summary of Review and shall not include any argument.

[2] Because the Appeal Panel held that Laxmi failed to establish causation, the Appeal Panel did not reach whether Laxmi's purported inconsistent treatment of its supply expenses resulted in an artificially inflated award.

used the accrual basis of accounting. Laxmi also highlighted the fact that the Claims Administrator did not present any calculations in its summary of review showing that Laxmi failed to establish causation, nor did it appear to consider other benchmark periods and whether Laxmi could pass other causation tests. The district court, however, declined to exercise its discretion to review the claim. Laxmi timely appealed to this court.

Our review of the district court's denial of discretionary review is for abuse of discretion. *Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 169 (5th Cir. 2017) (per curiam). In determining whether the district court abused its discretion, we generally look to "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016)). "However, we have been careful to note that it is 'wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement.'" *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (per curiam) (quoting *Holmes Motors*, 829 F.3d at 316); *see also Claimant ID 100217021 v. BP Expl. & Prod., Inc.*, -- F. App'x --, 2017 WL 2210505, at *1 (5th Cir. 2017) (per curiam) ("Not all contradictions or misapplications, however, warrant review.").

Here, Laxmi has failed to show that the district court abused its discretion in declining to review the claim. At base, Laxmi's argument is that the Claims Administrator's initial determination that the $34,823.61 should be treated as contra revenue was correct, and the Appeal Panel erred by concluding that this amount was properly treated instead as a bad debt expense. However, whether this amount should be a bad debt expense or a contra revenue adjustment under these circumstances is the type of factbound

and claimant-specific question that the district court does not abuse its discretion by declining to review. *See Claimant ID 100217021*, -- F. App'x --, 2017 WL 2210505, at *3 ("Whatever the merit of [the claimant's] contention . . . it resembles a factbound attack on a decision about a single claimant as opposed to a recurring issue about the meaning of the Settlement Agreement that will substantially impact other cases."). Indeed, Laxmi argues that this court must reverse because the Appeal Panel made "a clearly erroneous factual finding," which only serves to highlight why the district court did not abuse its discretion in declining to review this claim. Regardless of the merits of Laxmi's arguments, the district court cannot be required to exercise its discretion to review such a factbound and claimant-specific appeal "[i]f the discretionary nature of the district court's review is to have any meaning." *See Holmes Motors*, 829 F.3d at 317 (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016) (per curiam)).

Laxmi's arguments to the contrary and attempts to reframe the issue to avoid the appropriate standard of review are unavailing—Laxmi simply does not point to any misapplication or contradiction of the Settlement Agreement that would require review by the district court. For example, Laxmi argues that the Appeal Panel should have required the production of additional calculations showing that Laxmi failed every causation test or remanded the claim for further proceedings, but this is the type of discretionary administrative decision for a claimant-specific situation that the district court need not review. *See Claimant ID 100110725 v. BP Expl. & Prod., Inc.*, -- F. App'x --, 2017 WL 1826174, at *2 (5th Cir. 2017) (per curiam) ("[T]he [claimant's] argument ultimately turns on 'the correctness of a discretionary administrative decision in the facts of a single claimant's case,' and does not show that the Panel's determination 'actually contradicted or misapplied the Settlement Agreement.'" (citations omitted)). Laxmi also contends that there

are a number of Appeal Panel decisions reaching different conclusions regarding whether an adjustment should be treated as contra revenue or bad debt, and thus, the district court abused its discretion by declining to review the issue. *See Claimant ID 100212278*, 848 F.3d at 410 ("It may be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split if 'the resolution of the question will substantially impact the administration of the [Settlement] Agreement.'" (quoting *In re Deepwater Horizon*, 632 F. App'x 199, 203–04 (5th Cir. 2015) (per curiam))). However, the fact that Appeal Panels have reached different conclusions for this issue depending on the circumstances of each case does not represent the type of Appeal Panel split that would require the district court's review. It makes sense that sometimes a contra revenue adjustment is appropriate on the facts of a given case and other times a bad debt expense is appropriate on the facts of another. Whether the facts here dictate that the $34,823.61 is more appropriately classified as contra revenue or bad debt will not "substantially impact the administration of the [Settlement] Agreement." *See id.* (quoting *In re Deepwater Horizon*, 632 F. App'x at 203–04). Finally, Laxmi argues that the CSSP accountant's initial determination that the $34,823.61 was properly classified as contra revenue was entitled to deference and the facts here were insufficient to justify the Appeal Panel's reversal. Yet once again, this argument is merely a reframing of the merits issue of how the $34,823.61 should have been classified in this specific case. It does not implicate a misapplication or contradiction of the Settlement Agreement that would require review by the district court.[3]

---

[3] Laxmi also advances a somewhat convoluted argument that its due process rights were violated by the Appeal Panel's decision. For example, Laxmi appears to argue that its due process rights were violated because it was not able to respond to the summary of review. Laxmi, however, did not raise a due process argument before the district court, and thus, this

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

argument is forfeited.  *See In re Deepwater Horizon*, 814 F.3d 748, 752 (5th Cir. 2016) (per curiam); *Claimant ID 100217021*, -- F. App'x --, 2017 WL 2210505, at *3 n.4.