## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

No. 16-31118

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

     Objecting Parties - Appellants

v.

CLAIMANT ID 100211268,

     Requesting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:16-CV-13976

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Before the court is BP Exploration & Production, Inc.'s appeal of the district court's grant of discretionary review and reinstatement of the Claims Administrator's award to Murphy Oil USA, Inc. ("MOUSA").

MOUSA filed 127 claims under the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement") that have

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been consolidated for review. The underlying issue throughout the claims process, and on review, is whether MOUSA is excluded from the Settlement Agreement under Section 2.2.4.5 ("Oil and Gas Industry") and Exhibit 17 ("Oil & Gas Industry Exclusions"). MOUSA urges that the focus should be on only its independent business activities—namely, retail sales of gasoline—and not on its excluded parent company's business activities.

The Claims Administrator determined that MOUSA was not excluded from the Settlement Agreement and awarded it over $58.4 million (post-RTP). Subsequently, the Appeal Panel, sitting en banc, observed that MOUSA's parent company, Murphy Oil Corporation ("MOC"), "was a cradle to grave oil company, which engaged in the full array of operations beginning with exploration and extraction and ending with the retail sale of fuel." The Appeal Panel reversed the award because it unanimously found that MOUSA "was the refining and marketing arm of an integrated oil and gas company and, therefore, is excluded from the [Settlement Agreement] class pursuant to Section 2.2.4.5."

MOUSA appealed the Appeal Panel's decision to the district court, and the district court granted discretionary review. The district court first determined which North American Industry Classification System ("NAICS") code best described the *primary* nature of MOUSA's business. Relying on Section 2.2.4, the district court found that the focus must be on the substantive nature of MOUSA's business, not MOUSA's legal or juridical form, such as its parent company MOC, because Section 4.4.7.1 requires the Claims Administrator to determine the appropriate NAICS code "for the Entity" that filed the claim. Ultimately, the district court found MOUSA's argument—that its primary business was retail sales of gasoline—persuasive. It therefore applied the not-excluded NAICS code for "Gasoline Stations and Convenience

Stores" to MOUSA and reinstated the Claims Administrator's original award. BP timely appealed the district court's judgment.

Having considered the briefs, the record, and the arguments of counsel, we agree with the district court that MOUSA is not an excluded entity under the Settlement Agreement, and we therefore AFFIRM.