# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30486
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2018

Lyle W. Cayce
Clerk

CLAIMANT ID 100262194,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-2988

---

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

    Graphic Packaging International, Inc. ("Graphic Packaging") is an international paper, packaging, and bag business operating in numerous locations, including Arcadia, Louisiana. On December 8, 2011, Graphic Packaging transferred ownership of its Arcadia facility to a newly formed entity that was ultimately called Graphic Flexible Packaging, LLC ("GFP"). In

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2013, Graphic Packaging filed a Business Economic Loss claim under the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement") on behalf of the Arcadia Facility. *See, e.g.*, *In re Deepwater Horizon*, 785 F.3d 986 (5th Cir. 2015) (explaining the Settlement Agreement); *In re Deepwater Horizon*, 744 F.3d 370 (5th Cir. 2014) (examining the compensation scheme for business economic loss claimants). The Claims Administrator determined that the Arcadia Facility was a "Failed Business" and was ineligible for relief under the Failed Business Economic Loss Framework. *See, e.g.*, *Claimant ID 100009540 v. BP. Exp. & Prod., Inc.,* 680 F. App'x 263 (5th Cir. 2017) (determining whether claimant should be classified as a failed start-up business or a failed business). The Settlement Agreement Appeal Panel affirmed the Claim Administrator's classification of the Arcadia Facility as a "Failed Business" because "its assets were contributed…to a new company formed as a joint venture…[and] renamed [GFP]." Graphic Packaging requested and was denied discretionary review from the district court. It appeals that denial.

The district court has a discretionary right of review from Appeal Panel decisions, "which is not a right for the parties to be granted such review." *Holmes Motors, Inc. v. BP Exp. & Prod., Inc.,* 829 F.3d 313, 316 (5th Cir. 2017) (quoting *In re Deepwater Horizon*, 785 F.3d at 999). We review the district court's denial of discretionary review for abuse of discretion. *Id.* at 315. We ask "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 409-10 (5th Cir. 2016)). However, it is "wrong to suggest that the district court must grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement." *Id.* at 316. "It is not an abuse of discretion to deny a request for review that

'involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Claimant ID 100212278 v. BP Exp. & Prod., Inc.,* 848 F.3d 407, 410 (5th Cir. 2017) (quoting *In re Deepwater Horizon*, 641 F. App'x at 410).

Graphic Packaging maintains that the Claim Administrator and Appeals Panel misclassified the Arcadia Facility as a Failed Business under the terms of the Settlement Agreement because the facility continued to operate. The Settlement Agreement defines a Failed Business as one that "subsequent to May 1, 2010 but prior to December 31, 2011, either (i) ceased operation and wound down, or (ii) entered bankruptcy or (iii) otherwise initiated or completed a liquidation of substantially all of its assets[.]" As the Appeals Panel noted, "[T]he [Arcadia] Facility, to the extent it was owned exclusively by [Graphic Packaging], did cease operations because it was merged into the new LLC with a co-owner and new [Federal Employer Identification Number.]…[Graphic Packaging] ceased operating the Arcadia facility because it transferred all of its ownership in it to GFP[.]"[1] We do not find that the Appeals Panel misapplied the Settlement Agreement, but even if it did, Graphic Packaging merely disputes the "correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Claimant ID 100212278*, 848 F.3d at 410.

Graphic Packaging also argues that this decision merits review because it contradicts a previous Appeals Panel decision. We have held that "[i]t may be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split[,]" but only "if 'the resolution of the

---

[1] Initially, GFP submitted a Business Economic Loss claim for the Arcadia Facility. The Claims Administrator denied the claim because GFP was created in 2011 and was not operating at the time of the spill, making it ineligible under the Business Economic Loss Framework of the Settlement Agreement.

question will substantially impact the administration of the Agreement.'" *Id.* (quoting *In re Deepwater Horizon*, 632 F. App'x 199, 203-04 (5th Cir. 2015)). Without reaching the substance of Graphic Packaging's claim that there is a contradictory Appeals Panel decision, we conclude that one allegedly variant decision will not "substantially impact the administration of the agreement" and therefore does not require the district court's review. *Id.; see also Claimant ID 100051301 v. BP Exp. & Prod., Inc.*, 694 F. App'x 236, 240 (5th Cir. 2017) ("[T]he fact that Appeal Panels have reached different conclusions for this issue depending on the circumstances of each case does not represent the type of Appeal Panel split that would require the district court's review.").

We AFFIRM the district court's denial of discretionary review.