# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

No. 18-30724

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100237661,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4357

Before COSTA and ENGELHARDT, Circuit Judges.[1]

GREGG COSTA, Circuit Judge:[*]

BP again asks the courts to review an award of the Deepwater Horizon settlement program. Because there is neither a split in appeals panels nor any pressing question of settlement interpretation, the district court did not abuse its discretion when it declined to review this award.

---

[1] This case is being decided by a quorum. *See* 28 U.S.C. § 46(d).

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30724

I.

A.

By now the facts of the April 2010 Deepwater Horizon explosion, and the litigation that promptly followed, are well known. *See In re Deepwater Horizon*, 732 F.3d 326, 329–330 (5th Cir. 2013) (Matching Decision). The many lawsuits filed were consolidated in the Eastern District of Louisiana. The parties reached the Economic and Property Damages Settlement Agreement, and the district court approved it. *See generally In re Oil Spill by Oil Rig "Deepwater Horizon"*, 910 F. Supp. 2d 891 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

Individuals and entities that meet geographic and damages requirements are eligible to file claims in the court-supervised settlement program. The claims administrator, appointed by the court, verifies the claims according to standardized formulas to calculate their value. The claimant in this case is located in Zone D, the furthest zone from the spill. As a result, it must establish causation by satisfying one of the six tests included in Exhibit 4B of the Settlement Agreement. *Claimant ID 100051301 v. BP Expl. & Prod., Inc.*, 694 F. App'x 236, 237 (5th Cir. 2017). Economic loss is shown by comparing variable profit, determined by subtracting variable monthly expenses from monthly revenue, in a pre-spill benchmark period of the claimant's choosing to its variable profit during the same period in 2010. *BP Expl. & Prod., Inc. v. Claimant ID 100217946*, -- F.3d --, 2019 WL 1272523, at *1 (5th Cir. Mar. 18, 2019) (per curiam).

Claimants or BP may appeal the claims administrator's decision to one of the settlement program's internal appeal panels. Either party may then petition the district court for review of that panel's decision, but the settlement provides that the district court has the discretion to accept or decline such

No. 18-30724

appeals. *In re Deepwater Horizon*, 785 F.3d 1003, 1007 (5th Cir. 2015) (Nonprofit Decision).

B.

This claimant is the Community Foundation for Greater Jackson (CFGJ), a nonprofit located in Jackson, Mississippi. Its primary function is to help individuals and nonprofits set up trusts and endowments, solicit and manage money for those accounts, and ultimately distribute the acquired funds to designated entities. CFGJ receives a fee for the services it provides.

CFGJ often operates through "Donor Advised Funds." This allows individuals to create a fund and give to "the charities of their choice over a period of months, years or forever." For nonprofits, CFGJ assists them in "managing and growing [their] endowments." But CFGJ's standard contract establishes that the funds donated belong to CFGJ and "the foundation shall have the ultimate authority and control of all property of the Fund, and the income derived therefrom, for the charitable purpose of the Foundation."

CFGJ filed a claim for relief for lost revenue due to the spill. After going back-and-forth with the Claims Administrator numerous times and providing additional information, the Administrator awarded CFGJ roughly $4.3 million. The Appeal Panel affirmed the award, and the district court denied discretionary review. BP appealed.

II.

We have been careful not to transform the Settlement Program's right of discretionary review into a mandatory one. We will find an abuse of discretion if "the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016) (quotation omitted); *see also In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015). One situation

3

No. 18-30724

warranting district court review is when an appeal raises an "important, recurring issue on which the Appeal Panels are split." *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017). But the district court need not review appeals that "involve no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise the correctness of a discretionary administrative decision in the facts of a single claimant's case." *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016) (unpublished).

BP makes two basic arguments for why the Appeal Panel got it wrong and the district court should have granted discretionary review. First, it argues money provided to CFGJ for distribution to another entity is not revenue that belongs to the Foundation. Instead, it simply passes through the Foundation to its final destination. In the alternative, if it is revenue, then BP argues that the revenue was insufficiently "matched" to the expenses, meaning all influxes of donations should be matched to the outlaying expense of making grants or paying out trusts. *See generally Matching Decision*, 732 F.3d 326.

BP's arguments are not novel. It made nearly identical arguments in another case we recently decided. *See Claimant ID 100217946*, 2019 WL 1272523, at *2. We affirmed the district court's denial of discretionary review there, and nothing BP presents now convinces us that this case warrants different treatment.

A.

Under the Settlement Agreement, nonprofits are treated the same as for-profit businesses. *Nonprofit Decision*, 785 F.3d at 1014. Money they bring in through grants, fundraising, or donations is revenue just like money a company brings in through sales of goods. *Id.* at 1013. BP argues that CFGJ is different than the typical nonprofit. It contends that use of the money CFGJ brings in, aside from administrative fees, is restricted based on the donor's

4

requests, meaning it should not qualify as revenue for the Foundation. It further argues that Appeal Panels are split on how to treat organizations that provide "pass through" funds like CFGJ.

But we recently held that no such overarching split exists in another BP appeal challenging the treatment of donations to a nonprofit that "merely acts as a 'fiduciary' for the ultimate beneficiaries." *Claimant ID 100217946*, 2019 WL 1272523, at *4 (quotation omitted). "For [a] ruling to create a conflict with the one now before us, it must have involved substantially identical claimants relying on substantially identical documentation." *Id.* at *3 (quoting *Claimant ID 100128765 v. BP Expl. & Prod., Inc.*, 709 F. App'x 771, 773 (5th Cir. 2017) (per curiam)). Different facts leading to different outcomes do not create a split.

Nor do we see any evidence that the Appeal Panel "contradicted or misapplied the Settlement Agreement." *Holmes Motors, Inc.*, 829 F.3d at 315 (quotation omitted). The Appeal Panel heard and rejected BP's argument that CFGJ was merely a pass-through conduit. It concluded that under the Foundation's contracts with donors, CFGJ "becomes the owner of the donated funds and possesses the ultimate authority over how they will be distributed." BP contests this characterization, but the district court was within its discretion to defer to the Appeal Panel's factual determination on whether CFGJ had sufficient control of the funds. *Claimant ID 100217946*, 2019 WL 1272523, at *5.

### B.

BP next argues that, even if all of the donations are revenue, the Appeal Panel did not properly match the donations with expenses. In order to insure the settlement is interpreted "in accordance with economic reality," profit and loss statements generally must be "matched." *Matching Decision*, 732 F.3d at 339. In a matched profit and loss statement, "costs follow revenue—which is

registered when generated or received—and this provides a clear picture of net income." *Claimant ID 100217946*, 2019 WL 1272523, at \*5. Policy 495 was created in response to *Matching Decision* to address unmatched revenues. On appeal, we approved the portion of the Policy relevant to this case: the Annual Variable Margin Methodology (AVMM). *In re Deepwater Horizon*, 858 F.3d 298, 300–01 (5th Cir. 2017). Simplifying, the AVMM requires claims administrators to "match all unmatched profit and loss statements." *Id.* at 302.

The Claims Administrator in this case used the AVMM to confirm the matching of profits and losses. And the Appeal Panel conducted its own review of CFGJ's financial records, likewise failing to find any mismatch between revenue and expenses. As in the recent appeal of a nonprofit award we rejected, BP "has not identified any errors that should have been corrected, except for its blanket assertion that" all of the money CFGJ receives for trusts and endowments, other than its administrative fee, must be matched with certain expenses. *Claimant ID 100217946*, 2019 WL 1272523, at \*5. The Claims Administrator used its usual accounting method and applied the AVMM to match unmatched funds. The Appeal Panel upheld that determination de novo, and the district court was within its discretion to defer to the Panel's judgment.

## C.

BP makes a few other arguments for why this case is significant, none of which carry the day. First, it notes the size of the award, which is large at over \$4.3 million. But we recently made clear, in a case involving a far heftier \$15 million award, that the size of the award alone will not make a case significant enough to require district court review. *Claimant ID 100217946*, 2019 WL 1272523, at \*4.

No. 18-30724

Nor does the "unusually lengthy" Appeal Panel decision alter our analysis. If anything, it indicates the "Panel thoroughly considered all of BP's arguments and assessed the documentation provided by Claimant to apply the Settlement Agreement." *Id.*

Lastly, in its request for discretionary review BP did not argue that there was a problem with double recovery. The district court cannot have abused its discretion in failing to grant review of an argument not before it. *Id.*

\* \* \*

We AFFIRM the district court's denial of BP's petition for discretionary review.