# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2019

Lyle W. Cayce
Clerk

No. 18-30588

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

   Requesting Parties - Appellants

v.

CLAIMANT ID 100212052,

   Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-3369

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

PER CURIAM:*

   This case presents another appeal involving the Deepwater Horizon Settlement Program. Like the many other appeals, BP Exploration and Production challenges (1) a decision of the Appeals Panel ("Panel") for the Settlement Program and (2) the district court judge's decision to decline review.

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30588

BP first challenges the Panel's decision to classify certain expenses as fixed instead of variable. The claimant, Woodruff, listed equipment rental expenses in the documents supporting its claims. It classified those expenses as cost of goods sold ("COGS"), without specifying whether they were variable or fixed. The Panel determined that they were a fixed expense, a decision that increased Woodruff's recovery by over $500,000.

BP also challenges the Panel's decision that Woodruff is not a real estate developer, a group excluded from the settlement class. While Woodruff was affiliated with some real estate developers, the Panel found that Woodruff's primary business is construction, not real estate development.

BP appealed both decisions to the district court. The district court declined to review them. BP then appealed to this court. We must now decide if (1) the Panel committed an error and (2) the district court abused its discretion in declining to review a potential error. Because the district court committed no error, we AFFIRM the district court.

I.

Woodruff is a construction contractor in Florida. In May 2013, Woodruff filed a Business Economic Loss claim pursuant to the Economic and Property Damages Settlement Agreement ("Settlement Agreement" or "Agreement"), a court-approved, court-supervised settlement that resolves claims against BP by individuals and businesses for economic loss and property damage. In its income tax returns, which were submitted as supporting documents, Woodruff labeled certain equipment rental expenses as COGS. In its profit and loss statements, Woodruff specifically listed rental expenses, detailing the monthly amount of these expenses from January 2007 until December 2011. In 2010, its rental equipment expenses were roughly $53,523 per month.

The Claims Administrator treated Woodruff's equipment rental expenses as a variable expense, and eventually awarded Woodruff

2

No. 18-30588

approximately $3,945,000. Both BP and Woodruff appealed the award. BP argued, in part, that the Administrator erred because it did not exclude Woodruff as a real estate developer. Woodruff argued that the Administrator erred because it classified Woodruff's equipment rental expenses as variable, instead of fixed.

After two rounds of appeals,[1] the Panel held that Woodruff was not an excluded real estate developer. It also held that Woodruff's equipment rental expenses were fixed, not variable. Accordingly, the Panel adopted Woodruff's proposed award of $4,736,476. The Panel then added on a review cost, risk transfer premium, and accounting support, giving Woodruff a final award of $6,163,089.80.

BP appealed the Panel's decision to the district court. But the district court declined discretionary review. BP now appeals.

## II.

This court reviews a "district court's denial of discretionary review for abuse of discretion." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016) (citing *In re Deepwater Horizon*, 785 F.3d 1003, 1011 (5th Cir. 2015)). Interpretation of the Settlement itself, however, "is effectively

---

[1] Following the Claims Administrator's initial ruling, the Panel ruled for Woodruff on both issues. It first held that there was no evidence Woodruff developed real estate. According to the Panel, Woodruff's affiliations with real estate developers were insufficient to trigger the real estate developer exclusion. The Panel also held that Woodruff's equipment rental expenses were fixed, not variable, based on the "plain terms" of the Settlement Agreement. The Panel then remanded the case to the Administrator to determine Woodruff's proper award.

On remand, the Administrator kept its conclusion the same, treating Woodruff's equipment rental expenses as variable, not fixed. It did, however, increase the amount of its award to roughly $4,010,000. Again, both BP and Woodruff appealed, with BP arguing that the real estate developer exclusion should apply, and Woodruff arguing that its equipment rental expenses were fixed, since the equipment leases had fixed monthly payments.

The Panel again reversed and did not change its conclusions.

No. 18-30588

de novo because" it presents "purely legal questions of contract interpretation." *In re Deepwater Horizon*, 785 F.3d at 1011.

The Settlement Program gives district courts discretion to review Appeals Panel awards. *Id.* A district court can abuse its discretion in declining to review an award in two situations: the Panel (1) "actually contradicted or misapplied the Settlement Agreement" or (2) "had the clear potential to contradict or misapply the Settlement Agreement." *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017). A district court, however, does not abuse its discretion when it refuses to review a simple question of correctness. *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016) (unpublished) (per curiam) ("If the discretionary nature of the district court's review is to have any meaning, the court must be able to avoid appeals like this one which . . . simply raise the correctness of a discretionary administrative decision in the facts of a single claimant's case."). Instead, a district court only abuses its discretion when it refuses to review a potentially incorrect decision that involves a "pressing question of how the Settlement Agreement should be interpreted or implemented." *Id.*; *Claimant ID 100217021 v. BP Expl. & Prod., Inc.*, 693 F. App'x 272, 274 (5th Cir. 2017) (unpublished) (per curiam) ("Not all contradictions or misapplications, however, warrant review. The issue must be recurring or substantial." (citation omitted)). In deciding whether an issue is pressing, we typically examine whether the issue "is frequently recurring or has divided" Appeals Panels. *Claimant ID 100226366 v. BP Expl. & Prod., Inc.*, 671 F. App'x 940, 941 (5th Cir. 2016) (unpublished) (per curiam).

BP argues that the district court abused its discretion by failing to review two of the Panel's decisions: first, the decision to classify Woodruff's equipment rental expenses as fixed; second, the decision not to classify Woodruff as an excluded real estate developer. Neither argument is convincing.

4

No. 18-30588

## A. The Rental Expenses

Under the Settlement Agreement, a claimant is compensated for any reduction in variable profit during 2010, the compensation period. The Agreement defines variable profit as the sum of monthly revenue over the relevant period minus variable expenses over the same period. Fixed expenses are not subtracted from monthly revenue.

Here, the parties disagree about how to classify certain equipment rental expenses, which Woodruff labeled as COGS in its supporting documents. The Agreement deals with COGS and rental expenses in two provisions. In Exhibit 4C, the Agreement sets a baseline rule that "COGS will be treated as a variable expense." Rental expenses are listed, however, in a second relevant provision, Exhibit 4D. This exhibit breaks 46 different expenses into fixed and variable costs.[2] The list of "Fixed Costs" contains "Rental Expenses." The primary issue is whether Woodruff's rental expenses should be classified as fixed or variable.

We have already opined on this issue in two separate cases. As we have previously held, when the Claims Administrator or Appeals Panel classifies an expense as fixed or variable, it must classify that "expense according to its substantive nature, rather than deferring to the claimant's characterization." *BP Expl. & Prod., Inc. v. Claimant ID 100185315*, No. 18-30331, 2019 WL 507598, at *2 (5th Cir. Feb. 8, 2019); *see also BP Expl. & Prod., Inc. v. Claimant ID 100094497 (Texas Gulf Seafood)*, 910 F.3d 797, 802 (5th Cir. 2018). Here, it is unclear that the Panel perfectly followed this directive. Nevertheless, the record supports the Panel's decision.[3] And BP can point to no other evidence showing that the Panel erred.

---

[2] This provision is referenced as "Attachment A" in Exhibit 4C.

[3] In its profit and loss statements for 2010, Woodruff listed rental expenses, and the monthly payment was constantly between $53,518 and $53,524. In other words, its rental expenses did not vary at all in 2010.

5

No. 18-30588

Even if the Panel did err, the Panel's classification affects only a single claimant's case. *Claimant ID 100196090 v. BP Expl. & Prod., Inc.*, No. 18-30137, 2018 WL 6600969, at *3 (5th Cir. Dec. 13, 2018) (unpublished) (per curiam) (finding no abuse of discretion where the petitioner raised "a factual dispute" that was "narrowly confined to the facts" of the case). The district court does not abuse its discretion in failing to review a one-off decision that does not affect how the Settlement Agreement will be administered.[4] *Claimant ID 100051301 v. BP Expl. & Prod., Inc.*, 694 F. App'x 236, 239 (5th Cir. 2017) (unpublished) (per curiam) (holding that the district court does not abuse its discretion in declining to review a "factbound and claimant-specific question"). Accordingly, we hold that the district court did not abuse its discretion in declining to review the Panel's ruling on rental expenses.

## B. The Real Estate Developer Exclusion

BP also argues that the district court abused its discretion when it failed to review the Panel's decision to not classify Woodruff as a real estate developer under the Settlement Agreement. BP argues that this decision was an error because Woodruff was affiliated with a real estate developer.[5]

---

[4] BP argues that Appeals Panels are split when determining whether COGS are fixed or variable. We disagree. Any former split was resolved by *Texas Gulf Seafood*. 910 F.3d 797. Following *Texas Gulf Seafood*, Panels uniformly analyze the economic substance of expenses.

[5] This issue is governed by two main sources: Section 2.2 and Exhibit 18. Section 2.2 of the Settlement Agreement lists individuals and entities excluded from the class of claimants. Section 2.2.4.7 contains the relevant exclusion for this case. Section 2.2.4.7 excludes from the class of claimants all "Real Estate Developers, including any Natural Person or Entity that develops commercial, residential or industrial properties." The term "real estate developer" "includes, but is not limited to, any Entity developing an entire subdivision . . . of real property." In applying this exclusion, Section 2.2.4 directs Claims Administrators to base their decisions "on the substantive nature of the business, not the legal or juridical form of that business."

6

No. 18-30588

Again, our precedent squarely addresses this issue. We have held that the "Settlement Agreement does not require [Appeals Panels] to consider related but legally distinct entities for the purposes of determining exclusions." *Claimant ID 100153748 v. BP Expl. & Prod., Inc.*, 708 F. App'x 812, 818 (5th Cir. 2017) (unpublished) (per curiam); *see also Claimant ID 100009540 v. BP Expl. & Prod., Inc.*, 680 F. App'x 263, 267 (5th Cir. 2017) (holding that the Settlement Agreement "makes clear that the proper claimant is the 'entity' asserting a business economic damages claim"); *BP Expl. & Prod., Inc. v. Claimant ID 100211268*, 706 F. App'x 197, 198 (5th Cir. 2017) (unpublished) (per curiam) (holding that exclusions apply at the entity level and the Panel must look at the "substantive nature of [the claimant's] business, not [its] legal or juridical form, such as its parent company . . . ."). Since the Panel was not required to look at Woodruff's affiliations, it did not err by refusing to consider those affiliations.

Given that the Panel committed no error, the district court did not abuse its discretion by declining to review the Panel's decision. But even if it did, the Panel's decision is not a critical one that will substantially affect how the Administrator applies the Agreement.[6] The decision turned on the unique facts before the Panel and affected a single case. *See Claimant ID 100153748*,

---

Exhibit 18 of the Settlement Agreement helps Administrators determine whether an entity qualifies as a real estate developer. Exhibit 18 does so by instructing Administrators to review three pieces of evidence: "(a) the claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the relevant business's or individual's activities necessary for the Claims Administrator to determine whether the exclusion applies."

[6] BP argues that Appeals Panels are split when applying the real estate developer exclusion to situations in which the claimant is affiliated with a real estate developer. While some Panels have applied the exclusion in these situations, and others have not, these Panel decisions turn on their facts, not any conflicting interpretations of the Agreement. *See Claimant ID 100190818 v. BP Expl. & Prod., Inc.*, 718 F. App'x 220, 222 (5th Cir. 2018) (unpublished) (per curiam) ("But the purported split does not exist, because the decisions that Claimant cites turn only on their facts.").

No. 18-30588

708 F. App'x at 819 ("The district court decidedly does not abuse its discretion when it declines to review factual and credibility determinations that affect a single case."). We, therefore, hold that the district court did not abuse its discretion in declining to review the Panel's ruling on the real estate developer exclusion.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.