# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

No. 18-31221
Summary Calendar

CLAIMANT ID 100324302,

 Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

 Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-8859

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

This appeal arises from the district court's denial of discretionary review under the Deepwater Horizon Economic and Property Damages Settlement Agreement. We find no abuse of discretion in the district court's denial of review. Therefore, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

After the *Deepwater Horizon* oil spill, BP Exploration & Production, Inc., BP America Production Company, and BP, p.l.c. (collectively, "BP"), entered into a settlement agreement with a class of plaintiffs suffering damages in connection with the spill. *See generally In re Deepwater Horizon*, 785 F.3d 986, 989 (5th Cir. 2015). The settlement agreement created a program by which the claims administrator reviews plaintiffs' claims for compensation. A dissatisfied party can seek review of the claims administrator's award, or lack thereof, from an appeal panel.

Rather than requiring each claimant to put forth evidence that the oil spill caused its loss, the settlement agreement allows claimants to demonstrate causation by satisfying one of several revenue tests set forth in Exhibit 4B. Relevant here, claimants in geographic "Zone D" can demonstrate causation by satisfying the "Decline-Only Revenue Pattern" test. Put simply, the claimant must show that its revenues declined after the spill and continued to decline during the next year, 2011. The claimant must also provide "[s]pecific documentation identifying factors outside the control of the claimant that prevented the recovery of revenues in 2011." One such factor is "[t]he entry of a competitor in 2011." The claims administrator further explained in Policy 474 that a claimant "must submit objective, third-party documentation that identifies factors outside the control of the claimant that prevented the recovery of revenues in 2011."

Claimant is a road- and bridge-construction company located in Zone D. Claimant argues that it has satisfied the Decline-Only Revenue Pattern test; specifically, it argues that it has demonstrated that a competitor bridge-construction company entered the market in 2011. In support of its claim, Claimant submitted (1) the alleged competitor's promotional materials, which state that it is a bridge-building company serving states across the Southeast,

including Alabama, where Claimant is located; (2) the alleged competitor's filing with the Alabama Secretary of State, showing that the competitor intended to begin transacting business in Alabama on March 10, 2011; and (3) a bidding list showing that Claimant and the alleged competitor bid on two of the same public works projects during 2011.

Although the claims administrator initially found Claimant eligible for compensation, the appeal panel reversed, finding that Claimant had not submitted sufficient documentation to show that factors outside its control prevented it from recovering lost revenues in 2011. The appeal panel acknowledged that Claimant had shown that another bridge-building company had started in 2011, but it noted that Claimant's documentation was "silent as to how this competitor prevented the recovery of lost revenues by the Claimant." Claimant requested discretionary review, which the district court declined. Claimant appeals.

## II.

We review the district court's denial of discretionary review for an abuse of discretion. *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017). The district court abuses its discretion to deny review when:

> (1) the request for review raises an issue that has split the Appeal Panels and would substantially impact the Settlement Agreement's administration once resolved; (2) the dispute concerns a pressing question about how to interpret or implement the Settlement Agreement's rules; (3) the Appeal Panel misapplied or contradicted the Settlement Agreement, or had the clear potential to do so; or (4) the district court's decision was premised on an error of law.

*Claimant ID 100190818 v. BP Expl. & Prod., Inc.*, 718 F. App'x 220, 222 (5th Cir. 2018) (unpublished). But "we have been careful to note that it is 'wrong to suggest that the district court must grant review of *all* claims that raise a

question about the proper interpretation of the Settlement Agreement.'" *Claimant ID 100110725 v. BP Expl. & Prod., Inc.*, 689 F. App'x 257, 259 (5th Cir. 2017) (unpublished) (quoting *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316 (5th Cir. 2016)). "The district court need not review a claim that raises a non-pressing Settlement Agreement interpretation issue, or that merely challenges 'the correctness of a discretionary administrative decision in the facts of a single claimant's case.'" *Claimant ID 100190818*, 718 F. App'x at 222 (quoting *Claimant ID 100212278*, 848 F.3d at 410).

## III.

Claimant has not shown that the district court abused its discretion by declining to grant discretionary review. Claimant makes two arguments in favor of review: (1) the appeal panel misapplied the settlement agreement by requiring proof that the alleged competitor caused its losses; and (2) appeal panels are split as to what kind of documentation satisfies the Decline-Only test. Both arguments are unavailing.

Considering Claimant's first argument, Claimant argues that the appeal panel erroneously engaged in a "detailed, subjective inquir[y]" by requiring Claimant to show that the competitor prevented the recovery of revenue. The appeal panel did not, however, engage in any such subjective inquiry. Instead, it found that Claimant's documentation did not demonstrate that the competitor "prevented the [Claimant's] recovery of lost revenues in 2011"—an objective inquiry. The appeal panel found that the alleged competitor was one of many other competitors in the area; in the examples Claimant provided, the competitor was one of fifteen other businesses participating in the bidding process. And there was no documentation showing that the alleged competitor outbid Claimant on any project, a fact Claimant does not dispute on appeal. The appeal panel's determination "is not incongruent with the language of the Settlement Agreement," *Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847

F.3d 167, 170 (5th Cir. 2017), which plainly requires "[s]pecific documentation identifying factors outside the control of the claimant *that prevented the recovery of revenues in 2011*" (emphasis added). Claimant's argument "ultimately turns on 'the correctness of a discretionary administrative decision in the facts of a single claimant's case,' and does not show that the Panel's determination 'actually contradicted or misapplied the Settlement Agreement.'" *Claimant ID 100110725*, 689 F. App'x at 260 (internal citations omitted) (first quoting *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016) (unpublished), then quoting *Holmes*, 829 F.3d at 315)). And even if the appeal panel had misapplied the settlement agreement, Claimant has not shown that this case concerns a "pressing Settlement Agreement interpretation issue." *See Claimant ID 100190818*, 718 F. App'x at 222-23 (quoting *Claimant ID 100212278*, 848 F.3d at 410). Accordingly, the district court did not abuse its discretion by denying review on this basis.

Second, Claimant has not demonstrated a split among appeal panels necessitating review. The two appeal panel decisions it cites in support of this argument are not inconsistent with this case. The first decision, 34 APD 2016-2052, is inapt. There, the appeal panel rejected BP's argument "that a claimant must demonstrate that the factors in 2011 preventing the recovery of revenues were somehow worse than similar factors that may have existed in previous years." That case asked whether the claimant had shown the existence of an outside factor, whereas this case considers whether that factor prevented the recovery of revenues. In the second case, 21 APD 2015-1094, the appeal panel rejected the argument that a claimant must submit evidence that the competitor "captured any market share from Claimant." But there, the appeal panel found that the opening of nearby competitor furniture stores meant that customers who had previously been willing to travel to the claimant's business to shop for furniture no longer needed to do so, thus

preventing the claimant's recovery of revenues. In contrast, Claimant's documentation sheds no light on how the entry of a competitor affected its revenues. Thus, there is no split among appeal panels necessitating the district court's review.

## IV.

For the foregoing reasons, we AFFIRM the district court's decision to deny discretionary review.