# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────

No. 14-31402
c/w No. 15-30023

─────────

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2015

Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON

_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; ET AL

Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Defendants - Appellees

v.

KEVIN S. SMITH; SOLOMON J. FLEISCHMAN,

Claimants - Appellants

───────────────────────────────────────────

IN RE: DEEPWATER HORIZON

_____

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; et al,

Plaintiffs

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Defendants - Appellees

No. 14-31402 cons/w No. 15-30023

v.

JOHN C. KELLY,

Claimant - Appellant

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179
USDC No. 2:12-CV-970

_____

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

These parallel appeals, consolidated for the purpose of oral argument, and now for disposition, arise from the class-action settlement program for civil claims arising from the Deepwater Horizon oil spill. Claimants-Appellants Kevin S. Smith, Solomon J. Fleischman, and John C. Kelly (collectively, "Claimants") are all co-owners of Fleischman & Garcia Architects ("Fleischman & Garcia"). We conclude that the district court should have granted discretionary review of the issue here and therefore VACATE the contrary orders and REMAND these cases to the district court.

## I. Background

This is the most recent case in a series of decisions considering the Economic and Property Damages Settlement Agreement (the "Agreement") between Defendants-Appellees BP Exploration & Production, Inc., BP America Production Co., and BP, PLC (collectively, "BP"), and Plaintiffs, the certified Economic and Property Damages Class, in connection with the Deepwater

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31402 cons/w No. 15-30023

Horizon oil spill of April 20, 2010. The district court approved the Agreement on December 21, 2012, and the Court Supervised Settlement Program (the "Settlement Program") was set up to administer the Agreement and compensate parties with economic losses caused by the oil spill. The Economic Loss and Property Damages Class consists of individuals and entities defined by geographic bounds and the nature of their loss or damage. To satisfy the loss or damage requirements, a claimant must have a claim that falls within one of the damage categories set out in the Agreement and is not subject to any of the exclusions set out in Section 2 of the Agreement. The damage categories include, *inter alia*, an Economic Damage Category, which encompasses both individual and business claims for "[l]oss of income, earnings or profits suffered by Natural Persons or Entities as a result of the Deepwater Horizon Incident." The claims process includes the ability to seek discretionary review by the district court.

Claimants are each officers and part owners of Fleischman & Garcia, an architectural firm. In January 2013, Claimants each submitted individual economic loss ("IEL") claims to the Settlement Program. The Agreement defines an Individual Claimant who may assert an IEL claim as:

> [A] Natural Person who is an Economic Class Member alleging Economic Damage arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident with a Claim in addition to or other than a Claim for Economic Damage related to such Natural Person's sole proprietorship business or other self-employment as reflected on Schedule C, D or E of a federal income tax return.

Fleischman, as the authorized representative of Fleischman & Garcia, also submitted a business economic loss ("BEL") claim for the corporation's

No. 14-31402 cons/w No. 15-30023

damages resulting from the oil spill.  The Agreement defines a Business Claimant who may assert a BEL claim as:

> [A]n Entity, or a self-employed Natural Person who filed a Form 1040 Schedule C, E or F, which or who is an Economic Class Member claiming Economic Damage allegedly arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident.

The Settlement Program generated Accountants' Worksheets for each of the Claimant's IEL claims, and although the worksheets concluded that Claimants passed the applicable causation and compensation tests under the IEL Framework, the worksheets indicated that each of the claims would be denied.  Each Claimant thereafter received a denial notice stating:

> Our records reflect that you submitted an Economic Loss claim for your business in addition to this Individual Economic Loss claim.  You cannot recover employment losses from a job at a business for which you have submitted an Economic Loss Claim.

After exhausting preliminary steps, the Claimants appealed to an Appeal Panel established by the Agreement, which denied relief. Claimants then requested discretionary review of the Appeal Panels' decisions by the district court, which the district court denied.  Claimants now appeal the district court's denial of their requests for discretionary review.

## II. Jurisdiction and Standard of Review

The district court had admiralty and maritime jurisdiction over the underlying class action and the Agreement, *see* U.S. CONST., art. III, § 2; 28 U.S.C. § 1333; 33 U.S.C. § 2717(b); 43 U.S.C. § 1349(b); 46 U.S.C. § 30101, and expressly retained jurisdiction over the implementation of the Agreement, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

This court has jurisdiction over these appeals under the collateral-order

4

No. 14-31402 cons/w No. 15-30023

doctrine.[1] *In re Deepwater Horizon*, 785 F.3d 1003, 1009 (5th Cir. 2015) ("*Deepwater Horizon IV*") (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009)). The district court's refusal to review the Appeal Panels' denials of Claimants' IEL claims under the Agreement had the effect of conclusively determining that each Claimant was not entitled to any recovery; this question is separate from the merits of BP's liability for the oil spill; and the district court's denial of discretionary review is final and there is no provision for further review under the Agreement. Therefore, the district court's orders denying discretionary review meet the requirements of the collateral order doctrine. We review the district court's denial of discretionary review for abuse of discretion. *Deepwater Horizon IV*, 785 F.3d at 1011 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995)).

### III. Discussion

Claimants allege that the Agreement unambiguously mandates that Claimants' lost earnings for their work as officers of Fleischman & Garcia be compensated under the IEL Framework, and that nothing in the Agreement bars owners or officers of BEL claimants from the IEL claims process.[2] In the alternative, assuming arguendo that they are not permitted to receive funds that would constitute a "double recovery," Claimants argue that permitting

---

[1] Just over one week after Claimants filed their briefs in these cases, a panel of this court settled the question whether this court has jurisdiction to hear appeals from the district court's denials of discretionary review over claims made under the Agreement. *See In re Deepwater Horizon*, 785 F.3d 1003 (5th Cir. 2015) ("*Deepwater Horizon IV*"); *In re Deepwater Horizon*, 785 F.3d 986 (5th Cir. 2015) ("*Deepwater Horizon V*").

[2] BP argues that Claimants waived this argument by failing to raise it before the district court in their requests for discretionary review. Because we conclude that the district abused its discretion in denying Claimants' requests for discretionary review and remand these cases for the district court's consideration of Claimants' IEL claims, we decline to address BP's waiver argument.

No. 14-31402 cons/w No. 15-30023

them to recover at least a portion of their IEL claims *here* would not result in a double recovery.

The Agreement itself does not provide guidance on the factors to consider in determining whether to grant discretionary review. Analogizing to other discretionary review situations, we conclude that the exercise of discretion should be guided by its purpose. *See, e.g.*, *Alvarez v. Midland Credit Mgmt.*, 585 F.3d 890, 894 (5th Cir. 2009) (although Class Action Fairness Act does not provide guidance on exercise of discretion, court concluded purpose of interlocutory appeal was to develop law in this area). The Agreement was drafted against a backdrop of anticipated numerous claims presenting potentially recurring issues. We conclude that the issues in this case have and will come up repeatedly, and the district court has not previously ruled on whether owners/officers of a business that has successfully made a claim under the Agreement's BEL framework can also recover their lost W-2 wages under the IEL framework. The Appeal Panels are split on this question.

The Appeal Panels that reviewed Claimants' IEL claims each concluded that because the Agreement treats owner/officer compensation as a fixed cost under the BEL framework, IEL claims by the owners or officers of a business that has received compensation under the BEL framework are barred. But the record indicates that at the time the district court denied Claimants' requests for discretionary review, other Appeal Panels had also reached the opposite conclusion. Claimants have included in the record at least four decisions by other Appeal Panels concluding that the Settlement Agreement draws no distinction between owners or officers of a business and other employees who earn wages reported on a Form W-2, and that no provision in the Agreement precludes officers/owners from pursuing an IEL claim if they otherwise qualify as a class member. One of these Appeal Panel decisions acknowledges the

6

many conflicting decisions generated by this question.[3]  The presence of this "split" among the Appeal Panels indicates that this issue has arisen in a number of claims and the resolution of the question will substantially impact the administration of the Agreement. *See, e.g.*, *In re Deepwater Horizon*, 793 F.3d 479, 490–91 (5th Cir. 2015) (noting that prior cases considering accounting methods used to make profit calculations or the right to appeal under the Agreement's Final Rules involved issues that "would unquestionably and substantially impact the judicially-managed administrative framework"). Further, as evidenced by the Appeal Panels' decisions reaching varying conclusions about the proper interpretation of the Agreement, it is apparent that there is substantial ground for difference of opinion with respect to this question.  Accordingly, we conclude that the question of contract interpretation presented in these appeals would be best addressed first by the district court charged with administering the Agreement.  We thus conclude that the district court should have granted discretionary review to address this question.

## IV. Conclusion

We find that the district court abused its discretion in declining to grant discretionary review in these cases.  We therefore VACATE the district court's order denying discretionary review and REMAND these cases to the district court for further proceedings in conformity with the opinion of the court.

---

[3] In fact, during oral argument, Claimants' counsel represented to the court that over thirty Appeal Panels have heard appeals on this issue, and that discretionary review is pending in some of those cases awaiting this court's decision.