# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2019

Lyle W. Cayce
Clerk

No. 18-30491

CLAIMANT ID 100187576,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-2993

Before KING, HIGGINSON, and COSTA, Circuit Judges.
PER CURIAM:*

In July 2013, Varicosis & Laser Center of Alabama, P.C. ("VLCA") filed a Business Economic Loss ("BEL") claim under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement Agreement"). *See generally In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 910 F. Supp. 2d 891 (E.D. La. 2012) (final

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

approval order), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014). VLCA treats varicose, spider, and facial veins and is located in Hoover, Alabama, within Economic Loss Zone D.

In February 2017, the Claims Administrator denied VLCA's claim, finding that VLCA had failed to satisfy the causation requirements set out in Exhibit 4B of the Settlement Agreement. In December 2017, the Settlement Agreement Appeal Panel affirmed the Administrator's denial of VLCA's BEL claim. The district court, which "maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement," declined to review the Appeal Panel decision. VLCA now appeals the district court's denial of discretionary review. We have jurisdiction under the collateral-order doctrine. *See, e.g.*, *In re Deepwater Horizon*, 632 F. App'x 199, 202–03 (5th Cir. 2015).

The Settlement Agreement "grant[s] the district court a discretionary right of review, which is not a right for the parties to be granted such review." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316–17 (5th Cir. 2016) (internal quotations omitted). We have noted that "the clear purpose of the Settlement Agreement" is "to curtail litigation," *id.*, and that the "Agreement was drafted against a backdrop of anticipated numerous claims presenting potentially recurring issues," *In re Deepwater Horizon*, 632 F. App'x at 203. We have therefore required the district court to review Appeal Panel decisions that "actually" or "potentially" "contradicted or misapplied the Settlement Agreement," *Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 169 (5th Cir. 2017), or that involved a question "aris[ing] in a number of claims and the resolution of the question will substantially impact the administration of the Agreement," *In re Deepwater Horizon*, 632 F. App'x at 203–04. On the other hand, we have found no abuse of discretion where the district court "den[ies] a request for review that involves no pressing question

of how the Settlement Agreement should be interpreted or implemented, but simply raises the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (internal quotations omitted).

To qualify for compensation, VLCA had to show that it experienced a "Decline-Only Revenue Pattern." As relevant to this appeal, the "Customer Mix" component of the Decline-Only Revenue Pattern required VLCA to "demonstrate[] proof of a decline of 10% in the share of total revenue generated by non-local customers over the . . . period of three consecutive months from May-December 2010 as selected by the claimant . . . compared to the same three consecutive month period in 2009."

"Non-local" customers are those that "reside more than 60 miles from a claimant business location." Customer location is determined from documents such as "contemporaneously maintained records of payment," "customer registration logs," or "documentation maintained in the ordinary course of business that lists customers by location and monthly sales associated with those customers." As these documentation requirements are "mandatory" under the Settlement Agreement, the Administrator "assume[s] that the revenue associated with 'unknown' customers would weigh against the claimant for purposes of the Customer Mix Test." *Claimant ID 100123936 v. BP Exploration & Production, Inc. et al*, No. 17-02480, slip op. at 4 (E.D. La. May 5, 2017). This treatment "prevents claimants from benefitting from their failure to provide complete customer mix data." *Id.*

VLCA submitted (1) profit and loss ("P&L") statements and (2) contemporaneously maintained records associating services rendered with patients' addresses and total amount charged ("customer mix data"). Settlement Program accountants noted that VLCA's customer mix data could not be completely reconciled with its P&L statements. In some months, the

customer mix data indicated more revenue than the figure reported in P&L statements; in other months, the customer mix data totaled less than the reported P&L figure. Treating those variances adversely[1] to VLCA for purposes of the Customer Mix Test, the Administrator concluded that total revenue from non-local customers had increased by 75% rather than declining by 10%, and denied VLCA's BEL claim. The Appeal Panel affirmed, explaining, "Customer Mix data that does not match the P and Ls is considered 'unknown' and treated in a manner adverse to the claimant and the District Court has confirmed this as the correct approach. Without this safeguard, a party could cherry pick customer information in order to satisfy the test."

On appeal, VLCA argues that the Administrator violated the Settlement Agreement by adversely classifying the variances between VLCA's customer mix data and its P&L statements. To the extent that VLCA contends the Customer Mix Test can only be applied to a claimant's customer mix data without considering other revenue records such as P&L's, that argument was persuasively rejected by this court in a decision that issued after the close of principal briefing. In that case, our court concluded that the "only way to reasonably interpret the customer mix test is that it requires the claims administrator to compare the claimant's 'total revenue' with its subset of revenue 'generated by [non-local] customers.'" *Claimant Id 100227611 v. BP Expl. & Prod., Inc.*, No. 18-30396, 2018 WL 6261854, at *3 (5th Cir. Nov. 28,

---

[1] The Claims Administrator explained that for months where the customer mix data fell short of revenue reported on the P&L's, the missing revenue was designated as local for 2009 and non-local for 2010. When the customer mix data exceeded revenues reported on the P&L's, the excess was treated as negative revenue designated non-local for 2009 and local for 2010. This was "adverse" to VLCA because it decreased the share of revenue designated as non-local in 2009 and increased the share of revenue designated as non-local in 2010.

2018).[2] The court found "simply no textual support for the [claimant's] position that the revenue generated by customers in the affected areas must be compared to the 'total revenue generated by customers' as opposed to the 'total revenue' full stop." *Id.* In a response letter submitted by VLCA on December 5, 2018, VLCA does not challenge this interpretation of the Settlement Agreement.

VLCA's response states that it disputes only the Claim Administrator's decision to calculate "total revenue" using VLCA's P&L statements (rather than VLCA's customer mix data) and to adversely classify customer mix data that was inconsistent with the P&L statements. Whether the Claims Administrator should "deviate[] from its normal practice by analyzing the [claimant's] customer-mix data independent of the revenues it reported on its P&Ls" is a "tougher question," as our court said. *Claimant Id 100227611*, 2018 WL 6261854, at *4. But it is a question that the district court may properly decline to answer. The Settlement Agreement does not require the district court "to spend its limited time correcting all of the claims administrator's alleged accounting errors . . . unless those errors represent a recurring issue on which the Appeal Panels are split and the resolution of the question will substantially impact the administration of the Agreement." *Id.* (quotations omitted). Here, VLCA's appeal raises nothing more than "the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410. VLCA's discussion of other Appeal Panel decisions fails to establish a recurring pattern of accounting errors over

---

[2] Consistent with our court's November 2018 decision, the district court had clarified in May 5, 2017, that "'Total revenue' means the revenue recorded on the claimant's profit and loss statements for the selected period, not just the revenue for which the claimant is able to produce Customer Mix data." *Claimant ID 100123936 v. BP Exploration & Production, Inc. et al*, No. 17-02480, slip op. at 5 n.4 (E.D. La. May 5, 2017).

which the Appeal Panels are split. We therefore AFFIRM the district court's denial of discretionary review.