# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30772
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2019

Lyle W. Cayce
Clerk

CLAIMANT ID 100111142,

Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4953

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In October 2012, Lemmon Law Firm, LLC ("LLF") filed a Business Economic Loss ("BEL") claim under the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement Agreement"). *See generally In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 910 F. Supp. 2d 891 (E.D. La. 2012) (final approval order), *aff'd*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014). LLF is a Louisiana law firm founded by Andrew A. Lemmon, who is LLF's sole member and officer.

In December 2017, the Claims Administrator denied LLF's claim, finding that Section 2 of the Settlement Agreement excludes entities like LLF from the settlement class. In March 2018, the Appeal Panel affirmed the denial of LLF's claim. The district court, which "maintains the discretionary right to review any Appeal determination to consider whether the determination was in compliance with the Agreement," declined to review the Appeal Panel decision. LLF now appeals the district court's denial of discretionary review. We have jurisdiction under the collateral-order doctrine. *See, e.g.*, *In re Deepwater Horizon*, 632 F. App'x 199, 202–03 (5th Cir. 2015).

The Settlement Agreement "grant[s] the district court a discretionary right of review, which is not a right for the parties to be granted such review." *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 316–17 (5th Cir. 2016) (internal quotations omitted). We have noted that "the clear purpose of the Settlement Agreement" is "to curtail litigation," *id.* at 317, and that the "Agreement was drafted against a backdrop of anticipated numerous claims presenting potentially recurring issues," *In re Deepwater Horizon*, 632 F. App'x at 203. We have therefore required the district court to review Appeal Panel decisions that "actually" or "potentially" "contradicted or misapplied the Settlement Agreement," *Claimant ID 100250022 v. BP Expl. & Prod., Inc.*, 847 F.3d 167, 169 (5th Cir. 2017) (quotation omitted), or that involved a question "aris[ing] in a number of claims and the resolution of the question will substantially impact the administration of the Agreement," *In re Deepwater Horizon*, 632 F. App'x at 203–04. On the other hand, we have found no abuse of discretion where the district "den[ies] a request for review that involves no pressing question of how the Settlement Agreement should be interpreted or

implemented, but simply raises the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (internal quotations omitted).

Here, Section 2.1 of the Settlement Agreement excludes from the settlement class certain "individuals and Entities, including any . . . other . . . Entity entitled to assert any Claim on behalf of or in respect of any such individual or Entity in their respective capacities as such." Section 2.1's exclusion extends to, as listed in Section 2.2.3, "any sitting judges on the United States District Court for the Eastern District of Louisiana" and "members of any such judge's . . . immediate family." Taken together, these provisions exclude entities entitled to assert claims on behalf of immediate family members of any judge sitting on the Eastern District of Louisiana.

Lemmon is an excluded individual under Section 2.1 because he is the son of the Honorable Mary Ann Vial Lemmon, a sitting judge on the United States District Court for the Eastern District of Louisiana. The Appeal Panel did not contradict or misapply the Settlement Agreement in finding that LLF is also excluded because it is an entity entitled to assert claims on behalf of Lemmon. Lemmon is the founder and sole officer of Lemmon Law. Reflecting that single-member LLC's are disregarded for federal income tax purposes, *see* 26 U.S.C. §§ 701, 761, LLF's BEL claim was supported by the federal income tax forms of Lemmon and his wife. LLF's BEL claim also relied on profit and loss statements listing only "Andrew A. Lemmon" and no other employees or staff of LLF. In these circumstances, we cannot say that the Appeal Panel contradicted or misapplied the Settlement Agreement by concluding that LLF is excluded from the settlement class. Rather, the Appeal Panel's decision "raises the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410.

We AFFIRM the district court's denial of discretionary review.