# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2019

Lyle W. Cayce
Clerk

No. 18-30752

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties – Appellants,

v.

CLAIMANT ID 100192823,

Objecting Party – Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4912

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.

PER CURIAM:*

Claimant received an award from BP under the Settlement Agreement for claims arising from BP's 2010 oil spill in the Gulf of Mexico. BP asked the district court—which has retained discretionary jurisdiction over issues arising from the administration of the Settlement Agreement—to review three issues pertaining to Claimant's award. The district court declined to review

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-30752

the award. Because we conclude that the district court did not abuse its discretion in withholding review, we AFFIRM.

I.

This case arises from BP's 2010 oil spill in the Gulf of Mexico. After the spill, BP implemented a claims processing system that included a class settlement for Business Economic Loss Claims. Under this settlement, a claimant goes through multiple levels of review after submitting a claim. First, the Claims Administrator determines whether the claimant is eligible to participate in the Settlement Class—and, if so, how much the claimant is entitled to recover. BP and the claimant can appeal that determination to an Appeal Panel, which in this case is comprised of three members. After that, BP and the claimant may request review of the Appeal Panel's decision in the Eastern District of Louisiana, which retained the right to exercise its discretionary jurisdiction to review the implementation of the settlement. *Lake Eugenie Land & Dev., Inc. v. BP Expl. & Prod., Inc. (In re Deepwater Horizon)*, 632 F. App'x 199, 203 (5th Cir. 2015).

Claimant is an asphalt paving contractor with headquarters in Naples, Florida, which is located within the Gulf Coast Areas—the BP Settlement Agreement's prescribed geographic zone for claim eligibility. However, Claimant owns a mobile asphalt plant that, in 2010, was located in Lake Placid, Florida—outside the Gulf Coast Areas. Claimant used the mobile plant to supply hot asphalt to nearby road projects from a temporary location in Lake Placid.

On March 6, 2013, Claimant filed a Business Economic Loss Claim with the Settlement Program. The Claims Administrator reviewed the claim and awarded Claimant a total of $8,261,516.92. BP appealed, claiming that the Administrator: (1) failed to exclude revenues and expenses from the mobile asphalt plant in Lake Placid, which BP claimed was an ineligible, out-of-zone

No. 18-30752

"Facility" under the Settlement Agreement; and (2) misclassified a certain "contract management" expense as a fixed expense.

On the first issue, the Appeal Panel determined that the Lake Placid plant was not an out-of-zone "Facility" because all of Claimant's operations were managed and performed from its in-zone, Naples, Florida, headquarters. On the second issue, the Appeal Panel remanded the claim to the Claims Administrator "for the limited purpose of resolving whether the expense should be treated as a variable expense or a payroll related cost; and then recalculate a proper award" accordingly.

Following remand, this court issued its decision on Policy 495, requiring that claimant compensation be calculated by using the Annual Variable Margin (AVM) methodology. *Lake Eugenie Land & Dev., Inc. v. BP Expl. & Prod., Inc. (In re Deepwater Horizon)*, 858 F.3d 298 (5th Cir. 2017). The Claims Administrator reprocessed Claimant's claim according to this methodology, replacing the "construction" methodology that the Administrator used in the prior decision. The Administrator also removed payroll adjustments that corrected a mismatch between revenues and expenses because it found that the Profit and Loss Statements (P&Ls) did not contain any errors that required correction. Claimant's new award totaled $8,395,050.41.

BP appealed this new award, arguing that the Administrator: (1) again failed to exclude revenues and expenses from the Lake Placid Facility; (2) erroneously failed to correct errors in Claimant's P&Ls; and (3) failed to substantiate that certain related-party transactions were at arm's length. The Appeal Panel concluded: (1) for the second time, that the Lake Placid plant was not an ineligible out-of-zone "Facility"; (2) that the Claimant's P&Ls did not contain any "errors requiring an adjustment"; and (3) that BP had failed to provide sufficient evidence that any related-party transactions were not made at arm's length.

3

No. 18-30752

BP sought discretionary review on each of these issues, which the district court denied.  BP timely appealed.

II.

This court reviews the district court's denial of discretionary review for an abuse of discretion.  *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016).  "We generally assess whether the district court abused its discretion by looking to 'whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradiction or misapply the Settlement Agreement.'"  *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (quoting *Holmes Motors*, 829 F.3d at 315).  But the district court need not "grant review of *all* claims that raise a question about the proper interpretation of the Settlement Agreement.'"  *Id.*  The district court does not abuse its discretion when it denies a request for review that "involve[s] no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise[s] the correctness of a discretionary administrative decision in the facts of a single claimant's case."  *Id.* (alterations in original) (quoting *In re Deepwater Horizon*, 641 F. App'x 405, 410 (5th Cir. 2016)).  On the other hand, it "may be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split if 'the resolution of the question will substantially impact the administration of the Agreement.'"  *Id.* (quoting *In re Deepwater Horizon*, 632 F. App'x at 203–04 (5th Cir. 2015)).

III.

BP argues first that the Administrator incorrectly included revenues and expenses from Claimant's mobile asphalt plant in Lake Placid, which BP says is an ineligible out-of-zone "Facility" under the Settlement Agreement.  Under the Settlement Agreement, "Facilities" outside the designated Gulf Coast

4

No. 18-30752

Areas are excluded from the claim calculation. *See* Policy 467. Policy 467 defines a Facility as: (a) a separate and distinct physical structure or premises; (b) owned, leased, or operated by the Business Entity; (c) at which the Business Entity performs and/or manages its operations.

Thus, a "Facility" must be a "physical structure or premises." Policy 467 provides "[e]xamples of [w]hat [c]onstitutes a [f]acility for [s]pecific [c]ategories of [e]ntities." For "[v]ehicles and [o]ther [m]obile [m]achines":

> Each of the following is not a Facility because it is not a physical structure: (a) an automobile, truck, bus or other vehicle; (b) a mobile home or other recreational vehicle; (c) an airplane, helicopter, balloon, or other aerial device; (d) a crane, bulldozer or other equipment.

In the instant case, the Appeal Panel concluded that the asphalt plant was not a separate, out-of-zone facility in part because it was mobile. The Appeal Panel had ample evidence for this conclusion. As part of a comprehensive review of Claimant's business—a review that considered multiple sets of P&Ls, professionally prepared claim calculations, and specific inquiries into certain aspects of Claimant's business—the Administrator asked Claimant about potential separate facilities and the company's asphalt plants. Claimant's attorney explained that all of Claimant's asphalt plants were mobile; they were towed to a location—like Lake Placid—and then used to supply hot asphalt to nearby road projects. When not in use, the asphalt plants were stored in Claimant's in-zone Naples yard. Based in part on this evidence, the Appeal Panel concluded that Claimant was not operating or managing an out-of-zone facility.

Because Policy 467 expressly excludes vehicles and equipment from the definition of "Facility" and the Appeal Panel had ample evidence to conclude that the asphalt plant was mobile, BP has failed to demonstrate that this decision "actually contradicted or misapplied the Settlement Agreement or had

5

the clear potential" to do so. *Claimant ID 100212278*, 848 F.3d at 410. Moreover, even if BP had established that the Appeal Panel's decision contradicted or misapplied the Settlement Agreement, this issue "simply raise[s] the correctness of a discretionary administrative decision to the facts of a single claimant's case." *Id.* BP has not shown a "recurring issue on which the Appeal Panels are split." *Id.* The district court thus did not abuse its discretion in declining to review this issue.

## IV.

BP also argues that the district court erred by declining to review the Appeal Panel's determination that Claimant's P&Ls were correctly stated and did not contain any errors that required further correction. Specifically, BP argues that the Administrator should have corrected year-end negative expenses—which Claimant used on its P&Ls to correct expense estimates made in prior months of the year that turned out to be too high—to reflect realistic *monthly* amounts for those expenses. The Appeal Panel, however, applied the required AVM methodology, reviewed the record before it, and concluded that the P&Ls contained no error that required correction. BP simply disputes the conclusion under that methodology, a fact-bound determination that the district court is not required to review. *Claimant ID 100212278*, 848 F.3d at 410. BP has not shown a split between Appeal Panels. *Id.* BP "simply raise[s] the correctness of a discretionary administrative decision to the facts of a single claimant's case." *Id.* Accordingly, we hold that the district court did not abuse its discretion in declining to review this issue.

## V.

Policy 328 excludes from revenue "related[-]party transactions that are not [arm's] length transactions." BP argues that the Administrator failed to sufficiently investigate whether some of Claimant's transactions with a certain

company were not at arm's length.  Accordingly, BP argues, the district court erred in declining to review the issue.

We disagree.  We have held that the issue of whether particular related-party transactions were at arm's length is a claim-specific determination that generally turns on the facts of each case.  *Claimant ID 100190818 v. BP Expl. & Prod., Inc.*, 718 F. App'x 220 (5th Cir. 2018).  Different rulings on this question often result simply from different facts.  The instant case is no exception.  BP has not demonstrated a "recurring issue on which Appeal Panels are split."  *Claimant ID 100212278*, 848 F.3d at 410.  To the contrary, the Appeal Panels have been consistent: a separate Appeal Panel rejected this same argument when BP raised it against the very related party at issue here.  The Appeal Panels have thus treated identical facts identically.  Accordingly, we conclude that the district court did not abuse its discretion in declining to review this issue.

## VI.

The district court did not abuse its discretion in declining to review the claim.  Accordingly, we AFFIRM.