# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2020

No. 19-30145

Lyle W. Cayce
Clerk

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

Requesting Parties - Appellants

v.

CLAIMANT ID 100319411,

Objecting Party - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-88

Before HIGGINBOTHAM, STEWART, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

This appeal is one of many arising out of the Deepwater Horizon spill and the ensuing Economic and Property Damages Class Action Settlement Agreement (Settlement Agreement).[1] BP Exploration & Production, Inc., BP America Production Co., and BP, P.L.C. (BP) appeal the district court's denial of discretionary review of the Settlement Program's calculation of the business

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This court has previously detailed the facts of the oil spill and the intricacies of the resulting settlement agreement. *See In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014); *In re Deepwater Horizon*, 732 F.3d 326 (5th Cir. 2013).

No. 19-30145

economic loss awarded to Claimant, Mueller Copper Tube Company, Inc. (Claimant). Because BP challenges the correctness of a discretionary administrative decision in the facts of a single claimant's case, we AFFIRM.

Claimant[2] submitted a claim for business economic loss to the *Deepwater Horizon* Court Supervised Settlement Program (CSSP). In order to ensure that Claimant's profit and loss statements (P&Ls) only reflected the activity of the claiming facility,[3] the Settlement Program accountants compared Claimant's financial statements of the copper tube profit center (Divisional P&Ls) with its gross sales general ledger statements (Transaction Level Sales Records), which detailed all sales transactions for the copper tube profit center. This filtering process resulted in new P&Ls that the Settlement Program used to calculate Claimant's award. Additionally, the record shows that the Settlement Program's accountants compared Claimant's tax returns with its Divisional P&Ls and sought clarification from Claimant via email and a conference call

---

[2] Claimant Mueller Copper Tube Company, Inc. is a wholly-owned subsidiary of Mueller Industries, Inc. Claimant owns and operates a copper tube production facility in Fulton, Mississippi. Claimant also operates a copper tube production facility in Wynne, Arkansas, which is owned by Claimant's affiliate, Mueller Copper Tube Products, Inc. According to Claimant, "no other domestic subsidiary of Mueller Industries owned or operated any other copper tube production facilities during the relevant period."

The claim at issue was for losses suffered by the Fulton facility and was limited to the Fulton facility's external sales. During the relevant period, Claimant was included in Mueller Industries, Inc.'s Standard Products Division (SPD), one of three divisions that its parent company used for internal management purposes. Mueller Industries, Inc. did not maintain financial statements for individual facilities of the SPD businesses. Instead, it maintained financials for "profit centers" reflecting the activities of each of its product lines, one of which was copper tube.

[3] Claimant submitted the financial statements of the copper tube profit center (Divisional P&Ls) to the Settlement Program, along with its parent company's (Mueller Industries, Inc.) federal tax returns. The financials for the copper tube profit center included revenues and expenses for Claimant's facility in Fulton, Mississippi, as well as the facility operated in Wynne, Arkansas. Upon review of these financials and discovering that they included revenues from multiple facilities, the Claims Administrator requested supplemental documentation of the direct revenues for the claiming facility. In response, Claimant submitted its gross sales general ledger statements.

2

regarding potential discrepancies. The CSSP's Claims Administrator found Claimant eligible for $29,701,243.19 in total compensation.

BP appealed the award to the internal Appeal Panel, arguing, *inter alia*, that the award was based on "inaccurate and inappropriate financial documents," citing to "substantial discrepancies" in Claimant's tax returns as evidence that the financials were unreliable. Claimant's affidavit of the CFO and Treasurer of Mueller Industries, Inc. explained that these discrepancies stem from Claimant's parent company's transfer-pricing tax preparation methodology. Upon its independent review, the Appeal Panel rejected BP's final proposal of $0 and ultimately awarded Claimant $27,412,374.17 in total compensation, reasoning in part:

> This claim was complicated by the manner in which Claimant's financials are maintained. The program accountants were faced with the daunting and unusual task of separating the revenue and expenses of Claimant's Arkansas facility from the profit center P&Ls. Our review leads us to conclude that the accountants were diligent, detailed and precise in paring the financials down to a reliable set of P&Ls for the Fulton facility. In doing so, the accountants engaged in an appropriate exercise of their professional judgment under difficult circumstances. We not only find the approach to be acceptable but it was sound and proper.

BP sought discretionary review of the Appeal Panel's decision in district court, which was denied.

BP appealed. BP asserts that the district court abused its discretion in denying review because the Appeal Panel's decision misapplied the Settlement Agreement by failing to require the Settlement Program to reconcile and resolve the material discrepancies (millions of dollars) between Claimant's

financials and its tax returns, an issue BP alleges is a recurring issue on which Appeal Panels are split.

"We review the district court's denial of discretionary review for abuse of discretion." *Claimant ID 100212278 v. BP Expl. & Prod., Inc.*, 848 F.3d 407, 410 (5th Cir. 2017) (citing *Holmes Motors, Inc. v. BP Expl. & Prod., Inc.*, 829 F.3d 313, 315 (5th Cir. 2016)). In determining whether the district court abused its discretion, this court generally considers "whether the decision not reviewed by the district court actually contradicted or misapplied the Settlement Agreement, or had the clear potential to contradict or misapply the Settlement Agreement." *Id.* "It may [also] be an abuse of discretion to deny a request for review that raises a recurring issue on which the Appeal Panels are split if 'the resolution of the question will substantially impact the administration of the Agreement.'" *Id.* (quoting *In re Deepwater Horizon*, 632 F. App'x 199, 203–04 (5th Cir. 2015)).

"Nevertheless, the district court need not grant review of all claims that raise questions about the proper interpretation of the Settlement Agreement." *BP Expl. & Prod., Inc. v. Claimant ID 100094497*, 910 F.3d 797, 800 (5th Cir. 2018). Specifically, the district court "does not abuse its discretion if it denies a request for review that involves no pressing question of how the Settlement Agreement should be interpreted and implemented, but simply raises the correctness of a discretionary administrative decision in the facts of a single claimant's case." *Id.* "In the absence of a blatant violation of or disregard for the Settlement Agreement, a third review of an award is inappropriate." *BP Expl. & Prod., Inc. v. Claimant ID 100126024*, 769 F. App'x 120, 123 (5th Cir. 2019) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100224371*, 766 F. App'x 2, 4 (5th Cir. 2019)).

BP's arguments on appeal are unavailing. The issues raised in this case are fact-specific, centered around the Appeal Panel's analysis of this claimant's

No. 19-30145

financials, and do not implicate an Appeal Panel split or misapplication of the Settlement Agreement. *See BP Expl. & Prod., Inc. v. Claimant ID 100317640*, 766 F. App'x 112, 117 (5th Cir. 2019).

Ultimately, BP challenges the "correctness of a discretionary administrative decision in the facts of a single claimant's case." *Claimant ID 100212278*, 848 F.3d at 410. We have repeatedly held that denial of review in these cases is well within the district court's discretion. *See, e.g.*, *Holmes Motors*, 829 F.3d at 316; *Claimant ID 100212278*, 848 F.3d at 410; *Claimant ID 100235033 v. BP Expl. & Prod., Inc.*, 941 F.3d 801, 806 n.9 (5th Cir. 2019) (collecting cases); *Claimant ID 100317640*, 766 F. App'x at 117; *BP Expl. & Prod., Inc. v. Claimant ID 100333854*, 759 F. App'x 303, 307 (5th Cir. 2019).

Accordingly, the district court's judgment denying discretionary review is AFFIRMED.